UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUTOMN KING,

          Plaintiff,

          v.

MIDWEST RECEIVABLE SOLUTIONS,

          Defendant.

Case No. 23-cv-1360-bhl

## SCREENING ORDER

    On October 12, 2023, Automn King, proceeding *pro se*, filed a complaint against Midwest Receivable Solutions (MRS), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

    King reports $3500 in monthly income from employment. She indicates she is not married and has two children, to each of whom she provides $300 in monthly support. Additionally, she pays $1500 monthly for rent, $545 for car payments and insurance, and $360 for other household expenses. King claims she has no assets of any kind. According to the information she provides, King has total monthly expenses totaling $3050 against monthly income of $3500, for a net positive income of $450 monthly. This sum is sufficient for King to pay the filing fee. Accordingly, the Court cannot find King indigent and her motion to proceed IFP will be denied.

### SCREENING THE COMPLAINT

    In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with

the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

The allegations in King's complaint are sparse, but straightforward. In June and July of 2023, King received two debt collection letters from Defendant MRS, each concerning a debt she allegedly owed to We Energies. (ECF No. 1 at 5.) King does not provide the specific contents of these letters,[1] but claims they violate four provisions of the FDCPA.[2] (*Id*. at 5–6.) She does not allege that she suffered any harm as a result of receiving these letters, but nevertheless asks the Court to provide relief in the form of actual and statutory damages, "waiver of alleged debt/account reporting from all Consumer Reporting Agencies," declaratory judgment, injunctive relief, and "[p]re-judgment and [p]ost-judgment interest as allowed by law." (*Id.* at 6.)

---

[1] King's complaint indicates that the letters are attached as exhibits, but no exhibits were filed with the Court. (*See* ECF No. 1 at 5.)
[2] 15 U.S.C. § 1692b(2), Section 1692b(5), Section 1692e(2)(A), and Section 1692e(10).

# ANALYSIS

As a threshold issue, the Court must determine if King has standing to sue. "Article III of the Constitution empowers the federal judiciary to decide 'Cases' and 'Controversies,' U.S. CONST. art. III, § 2, a limitation long understood to confine the federal courts to concrete disputes in a form historically recognized as appropriate for judicial resolution." *Larkin v. Fin. Sy. of Green Bay, Inc.*, 982 F.3d 1060, 1063–64 (7th Cir. 2020). "The doctrine of standing enforces this Article III limitation." *Id.* at 1064. To establish standing, King must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial ruling." *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish injury in fact, [King] must show that . . . she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). While congressional action is "instructive and important" to determining injury in fact, the injury-in-fact requirement is not automatically satisfied "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 341.

The Seventh Circuit has affirmed the dismissal of FDCPA claims nearly identical to King's claims on standing grounds. *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020), involved several class action lawsuits that alleged violations of Sections 1692e and 1692f of the FDCPA based on collection letters sent to the plaintiffs. The plaintiffs alleged violations of the FDCPA's substantive provisions, but "neither complaint contain[ed] *any* allegation of harm— or even an appreciable risk of harm—from the claimed statutory violation." *Larkin*, 982 F.3d at 1066. And "it's not enough for an FDCPA plaintiff to simply allege a statutory violation; [she] must allege (and later establish) that the statutory violation harmed [her] 'or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'"[3] *Id.* (quoting *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019) (internal quotations

---

[3] For an example of an FDCPA case where the plaintiff *did* allege a sufficiently concrete harm to establish standing, see *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049 (7th Cir. 2019). There, the plaintiff had already been sued by the defendant over her alleged debt and the defendant's failure to provide her with FDCPA required disclosures put the plaintiff "at a distinct disadvantage" in that collection action. *Id.* at 1053. The Seventh Circuit found it "reasonable to infer that she would have exercised her statutory rights, thereby halting the collection litigation, if Med-1 had provided the required disclosures." *Id.* This harm was sufficiently concrete to establish standing.

omitted)). Because King has not alleged any harm resulting from the letters she received from the defendant, she does not have standing to bring this lawsuit.

Standing aside, King's claims are deficient for other reasons. King's complaint fails to state substantive claims under Sections 1692b(2) and (5). Section 1692b applies to communications by any debt collector "*with any person other than the consumer* for the purpose of acquiring location information about the consumer." (emphasis added). King alleges that MRS sent letters to her that "stated [King] owed a debt, in violation of 15 USC § 1692b(2)." (ECF No. 1 at 5.) Because King alleges that MRS sent the letters directly to King, MRS cannot have violated Section 1692b. Accordingly, King has failed to state claims under Sections 1692b(2) and (5).

King's claims under Section 1692e come closer, but she fails to allege plausible facts to support these claims. King alleges that MRS's letters "contained false representations regarding the character, amount, or legal status of the alleged debt" in violation of Section 1692e(2)(A). (ECF No. 1 at 5.) She also claims the letters "contained false representations or deceptive means to collect the alleged debt or obtain information" in violation of Section 1692e(10). (*Id.* at 6.) King's allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678. This is insufficient to state a claim. *Id*. To state a claim, King must allege facts sufficient to support an inference that the letters were false or deceptive. Because King has not provided factual allegations sufficient "to raise a right to relief above the speculative level," *see Twombly*, 550 U.S. at 555, she has failed to state claims under Sections 1692e(2)(A) and (10).

Because King is acting without help from a lawyer, the Court will allow her the opportunity to file an amended complaint, clarifying her allegations, describing plausible legal claims, and alleging concrete harm. If she chooses to file an amended complaint, King should provide additional facts establishing how MRA's letters were in violation of the FDCPA and what harm she suffered as a result of receiving the letters. King is advised that her amended complaint must include the docket number assigned to this case and be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that King's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. If King chooses to file an amended complaint, her complaint must be accompanied by the full filing fee.

**IT IS FURTHER ORDERED** that, if King wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint must be filed with the Court on or before **December 4, 2023**. If the Court does not receive King's amended complaint by that date, the case will be dismissed for King's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on November 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge